### FREEDOM C. LIPPINCOTT v. GEORGE C. FELTON.

1. In a recount of ballots, under section 13 of the act of March 25th, 1895 (*Gen. Stat., p.* 1367, ¶ 369), the board of election should count as many ballots as there are names of apparent voters on the poll-book, even though the certificate of the whole number of votes received has not been made by the election officers, as required by section 42 of the Election act.

2. In case of a partial recount, under the above section, the justice ordering the same should, at the conclusion thereof, make a certificate showing the whole number of votes for each person for the office in dispute, as exhibited by the original certificate of the canvassers corrected by the recount, so that his certificate may take the place of the original certificate as *prima facie* title to the office in dispute.

On *certiorari.*

Argued at June Term, 1897, before Justices Dixon, Ludlow and Collins.

For the prosecutor, *Lindley M. Garrison* and *William J. Kraft.*

For the defendant, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up for review the statement of the result of a recount of the ballots for treasurer of the city of Camden cast in the Fifth, Sixth, Seventh and Eighth wards of that city, which recount was ordered by one of the justices of this court, under section 13 of a supplement to the Election act, approved March 25th, 1895. *Gen. Stat., p.* 1367, ¶ 369.

The objection urged is that in the Fifth precinct of the Sixth ward the board of election counted one hundred and eighty-five ballots, instead of stopping when one hundred and fifty had been counted.

The circumstances giving rise to this objection are that on the poll-book of that precinct, after the name of the one hundred and fiftieth voter, the following is written:

"Number of votes polled 150.

"WM. P. CLARK, Judge.
"JOS. S. DAVIS.
"HARRY F. REDDING.
"H. I. HOOVEY."

Then are entered the names of thirty-five other persons as voters, numbered from one hundred and fifty-one to one hundred and eighty-five, but no further certificate.

The prosecutor claims that under section 42 of the Election act (*Gen. Stat., p.* 1301), the writing above mentioned showed that "the whole number of the names of the persons whose votes had been received during the election" was one hundred and fifty, and that under section 45 the board of election, after canvassing and estimating that number of ballots, was bound to deem the ballots remaining in the box null and of no effect.

This claim is unfounded. The writing did not purport to certify the whole number of votes *received during the election,* but only the number received when that entry was made. The poll-book contained the names of one hundred and

eighty-five persons who seemed to have voted at the election, and did not exhibit any legal evidence that the whole number of voters was less.   It was, therefore, the plain duty of the board to count that number of ballots.

The testimony taken in this cause shows that the writing in question was made at the noon recess, and that afterwards, before the polls closed, thirty-five other ballots were legally cast, so that there is no doubt of the substantial propriety of counting the full number of ballots.

The absence of the certificate prescribed by section 42 is not made by the statute a ground for rejecting the ballots lawfully cast, and, of course, will not be adjudged so by the courts.

The statement of the recount is affirmed, with costs to the defendant.

In view of the certificate made in this case by the justice who ordered the recount, it may not be out of place to call attention to the requirement of the statute with regard to such certificates.    Paragraph 369 above mentioned directs that " on the conclusion of such recount the said justice shall certify the result thereof, which certificate shall take the place of the certificate originally issued by the canvassing board." The certificate of the canvassing board, as indicated by section 65 of the Election act, is to exhibit the whole number of votes given for each person for each office at the election, and thus shows the persons elected by the plurality of votes.   The certificate of the justice cannot *take the place* of this certificate, unless, with regard to the office for which the recount was made, it be equally full and explicit.   Of course, when, as in the present case, the recount is in only part of the precincts, the justice cannot from the recount alone gather the information needed for such a certificate, but the other necessary information can be obtained from the original certificate of the canvassing board which is on file in the proper public office. From the data there contained, and the result of the recount, the justice should make a certificate capable of taking the place of the original certificate as *prima facie* evidence of title to the office in dispute.